UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| STEVE D. LANDERS | CIVIL ACTION |
|---|---|
| VERSUS | NO: 08-1293 |
| KEVIN GROS OFFSHORE, LLC, ET AL. | SECTION: "S" (1) |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Bollinger Amelia Repair, L.L.C. (Doc. # 251) is **GRANTED**.[1]

**BACKGROUND**

On March 17, 2008, plaintiff, Steve D. Landers ("Landers"), filed his Petition for Seaman's Damages (the "Petition"), naming Kevin Gros Offshore, L.L.C. ("Kevin Gros Offshore") and its unknown insurance company as defendants. In the petition, Landers alleges that on June 12, 2006, he was an unlicensed engineer assigned to the M/V ROSEANNA, an offshore supply boat owned and operated by Kevin Gros Offshore that worked in the navigable waters of the Gulf of Mexico and

---

[1] Because the case is hereby dismissed, all other pending motions are DISMISSED AS MOOT: (1) Landers' Motion to Strike Tim Anselmi as Defendant's Expert Witness (Doc. #257); (2) Landers' Motion to Strike Dr. Kevin Greve and Dr. Robert Applebaum as Defendant's Expert Witnesses (Doc. #297); (3) Landers' Motion to Strike David Cole and Tim Anselmi as Defendant's Expert Witnesses Pursuant to Daubert (Doc. #298); and, (4) Landers' Motion for Expedited Hearing (Doc. #299).

the State of Louisiana. Landers further alleges that, on June 12, 2008, the vessel was docked and gangway connected her to the shore. Landers claims that he was assigned the task of removing the gangway from the vessel, and that as he stood on the vessel and pushed the gangway to the dock, a broken piece of the gangway caught on the dock causing him to sustain a back injury. Landers makes claims for damages and maintenance and cure against Kevin Gros Offshore and its unnamed insurer under the Jones Act and the general maritime law.

On December 12, 2008, Landers filed his Supplemental and Amending Petition for Seaman's Damages (the "First Supplemental Petition"). The First Supplemental Petition adds Gros & Vizier Offshore Service, L.L.C. ("Gros & Vizier") as a defendant, and supplies the correct name of Kevin Gros Offshore's and/or Gros & Vizier's insurer, namely Houston Casualty Company ("Houston Casualty"). Further, the First Supplemental Petition clarifies that Kevin Gros Offshore operated the M/V ROSEANNA, and that Gros & Vizier owned the vessel. Also, in the First Supplemental Petition, Landers asserts unseaworthiness claims against Gros & Vizier.

Landers filed his Second Supplemental and Amending Petition for Seaman's Damages ("Second Supplemental Petition") on March 4, 2009, adding Bollinger Shipyards as a defendant. In his Second Supplemental Petition, Landers alleges that the M/V ROSEANNA sustained a hole in her starboard stern hull adjacent to an interior water tank while sailing in the Gulf of Mexico. He also alleges that Kevin Gros Offshore scheduled a trip to Bollinger Shipyards' Amelia shipyard to examine the hole. According to Landers, pursuant to Bollinger Shipyards' policy, its employees placed the gangway between the vessel and the dock. Landers further alleges that, when the M/V ROSEANNA was ready to depart, Bollinger Shipyards' employees failed to timely remove the

gangway, and that he and another crew member, Leonard Horne ("Horne"), attempted to do so. Landers contends that he pushed the gangway away from the vessel while Horne pulled it onto the dock. He claims that, as the gangway slid away from Bollinger Shipyards' dock, it stopped and sprang back causing him to sustain a back injury. Landers alleges that he, Horne, and a vessel engineer trainee observed that the gangway was broken on the bottom. Landers reasserts his Jones Act and unseaworthiness claims against Kevin Gros Offshore, Gros & Vizier, and their insurer. He also asserts claims for negligence under general maritime law against Bollinger Shipyards.

Landers settled with Kevin Gros Offshore, Gros & Vizier, and Houston Casualty, and those parties were dismissed on March 27, 2009.

On May 7, 2009, Landers filed his Third Supplemental and Amending Petition for Seaman's Damages ("Third Supplemental Petition"), in which he added Bollinger Amelia Repair, L.L.C. ("Bollinger Amelia") as a defendant. The factual allegations of the Third Supplemental Petition mirror those of the Second Supplemental Petition, and additionally assert claims for negligence under the general maritime law against Bollinger Ameila, instead of Bollinger Shipyards. Specifically, Landers alleges that Bollinger Amelia was negligent in using a defective gangway, failing to warn of a hidden defect in the gangway, failing to remove the gangway from the M/V ROSEANNA in a timely manner, failing to secure the gangway between the vessel and the dock as mandated by the Code of Federal Regulations and the Bollinger Amelia safety manual, and for other maritime negligent acts and omissions to be proven at trial.

Bollinger Amelia filed this motion for summary judgment, arguing that it is entitled to summary judgment because it did not owe a duty to Landers to provide him with safe means of

accessing the vessel, it provided a reasonably safe dock as required by Louisiana law, it did not own the gangway at issue, the gangway was safe, and pursuant to the Pennsylvania Rule the vessel owner is strictly liable for its violation of a statute. Bollinger Amelia has aditionally argued that the only remedy which may be available is a state law remedy, which is prescribed. Landers opposes the motion arguing that there are contested issues of fact that preclude summary judgment.

**LAW AND ANALYSIS**

    1.    **Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

### 2. General Maritime Law Claims

Bollinger Amelia argues that it is entitled to summary judgment because it did not owe a duty to plaintiff under the general maritime law and therefore did not breach a duty. Specifically, Bollinger Amelia argues that the vessel owner has a non-delegable duty, pursuant to the doctrine of seaworthiness, to supply a safe means of accessing the vessel. As a result, Bollinger Amelia contends that did not owe plaintiff a duty and cannot be liable in tort under the general maritime law.

Landers agrees that Bollinger Amelia did not owe him a duty under the general maritime law to provide a safe means of accessing the vessel. However, Landers contends that, under the general maritime law, Bollinger Amelia as the dock owner, owed a duty to provide a safe berth. Landers also argues that, once Bollinger Amelia undertook to provide a gangway, it assumed a duty to him to provide a safe gangway. Landers asserts that summary judgment is precluded by contested issues of material fact as to whether the gangway was defective.

Landers alleges in his Third Supplemental Complaint that his claims against Bollinger Amelia arise under general maritime tort law. "The analysis of a maritime tort is guided by general principles of negligence law." In re Signal Intern., LLC, 579 F.3d 478, 491 (5th Cir. 2009) (internal quotation and citation omitted). "Under general tort principles, a tortfeasor is accountable only to those to whom a duty is owed." Id. "Duty is measure by the scope of the risk that negligent conduct foreseeably entails." Id. (internal quotation and citation omitted). "The risk [of foreseeability] is whether the harm that does occur is within the scope of danger created by the defendant's negligent conduct." Id. (internal quotation and citation omitted). In addition to the duty owed, a plaintiff must

demonstrate a breach of duty, an injury, and a causal connection between the defendant's conduct and the plaintiff's injury. Canal Barge Co., Inc. v. Torco Oil Co., 220 F.3d 370, 376 (5th Cir. 2000).

Here, Bollinger Amelia contends that it did not owe Landers a duty under the general maritime law and it is not answerable to Landers for a tort under the general maritime law. In Victory Carriers, Inc. v. Law, 92 S.Ct. 418, 422 (1971), the United States Supreme Court noted that the gangway is the dividing line between admiralty and state jurisdiction. To that end, piers and docks are deemed extensions of land, while the means of accessing the vessel from the dock is considered an appurtenance of the vessel. Id.; see also Florida Fuels, Inc. v. Citgo Petroleum Corp., 6 F.3d 330, 332 (5th Cir. 1993) (citing Reyes v. Marine Enters., Inc., 494 F.2d 866 (1st Cir. 1974)). Pursuant to the doctrine of unseaworthiness, a vessel owner has an absolute, non-delegable duty to provide its crew members with a reasonably safe means of accessing the vessel. Florida Fuels, 6 F.3d at 332 (citing Massey v. Williams-McWilliams, Inc., 414 F.2d 675, 679 (5th Cir. 1969), cert. denied, 90 S.Ct. 682 (1970); Superior Oil Co.v. Trahan, 322 F.2d 234, 235 (5th Cir. 1963); Brister v. A.W.I. Inc., 946 F.2d 350, 355 (5th Cir. 1991)). The vessel owner's duty to provide a safe means of accessing a vessel extends to the gangway regardless of who supplied, owned, or controlled it. See Reyes, 494 F.2d at 870. Thus, absent a maritime status between the parties, a dock owner's duty to a vessel's crew member arises under state law. Florida Fuels, 6 F.3d at 332 (citing Wiper v. Great Lakes Engineering Works, 340 F.2d 727, 730 (6th Cir. 1965), cert. denied, 86 S.Ct. 28 (1965)).

This case presents the question of whether the dock owner, who has no maritime relationship to the plaintiff, assumes a duty under maritime law to a seaman to provide a reasonably safe gangway, if it undertakes to provide a gangway to the vessel. Courts have consistently held that the

dock owner's only duty to the seaman arises under state law.  See e.g., id.; see also Forrester v. Ocean Marine Indem. Co., 11 F.3d 1213, 1218 (5th Cir. 1993); see also Arceneaux v. Ingram Barge Co., 1995 WL 527635, *2 (E.D. La. 9/5/1995); see also Smith v. Jnet, L.L.C., 2008 WL 2559288, * 2-3 (E.D. La. 6/24/2008).  In Florida Fuels, the court stated that "[a]bsent a maritime status between the parties, a dock owner's duty to a crew member of a vessel using the dock is defined by the application of state law, not maritime law." Id. (citing Wiper v. Great Lakes Eng'g Works, 340 F.2d 727, 730 (6th Cir. 1965), cert. denied, 86 S.Ct. 28 (1965).

Landers contends that he was injured due to a defective condition of a gangway that was allegedly found on Bollinger Amelia's dock and/or supplied by Bollinger Amelia to the M/V ROSEANNA.  It is undisputed that Landers was a crew member of the M/V ROSEANNA and that there was no maritime relationship between Landers and Bollinger Amelia.  Any duty owed by Bollinger Amelia to Landers arises under Louisiana state law.  Bollinger Amelia's motion for summary judgment is granted.

### 3. Negligence Claims under Louisiana Law

Any duty Bollinger Amelia owed to Landers arises under state law.  Louisiana law provides that a dock owner owes invitees, including employees of vessels using the dock facility, a duty to provide a dock that is reasonably safe. Florida Fuels, 6 F.3d at 333, (citing Sons v. New Amsterdam Cas. Co., 186 So.2d 375, 376, (La. App. 3 Cir. 1966)); see also Forrester v. Ocean Marine Indem. Co., 11 F.3d. 1213, 1218 (5th Cir. 1993).  The duty to provide a reasonably safe dock may encompass a duty to provide reasonably safe equipment, such as a reasonably safe gangway, when that equipment is furnished by the dock owner and/or under its control. See id. at 334; see also

Arceneaux, 1995 WL 527635, *2.

Bollinger Amelia argues that it is entitled to summary judgment on Landers' Louisiana law claims because: (1) Landers does not allege that there was a defect in the dock itself, but rather that he was injured by a defective gangway for which the vessel owner is responsible, (2) it did not own the gangway that allegedly caused the injury, and (3) the gangway was not defective. Further, Bollinger Amelia argues that Landers claims under Louisiana law are prescribed.

The court finds that Landers' petition sufficiently states a cause of action under Louisiana law. Rule 8(a)(2) of the Federal Rules of Civil Procedure states that pleadings must contain a short and plain statement of the claim showing that the pleader is entitled to relief. To comply with Rule 8(a)(2) a plaintiff does not need to plead specific facts, but only "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007) (quoting Conley v. Gibson, 78 S.Ct. 99, 103 (1957)). Further, if a complaint alleges facts upon which relief can be granted, the form is not important, even if it does not correctly categorize the legal theory giving rise to the claim. Peavy v. WFAA-TV, Inc., 221 F.3d 158, 167 (5th Cir. 2000) (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 604 (5th Cir. 1981)).

Landers' petition clearly states that he seeks relief against Bollinger Amelia for back injuries he allegedly sustained while pushing a gangway off of the M/V ROSEANNA onto Bollinger Amelia's dock. Further, he alleges that the gangway was defective, that Bollinger Amelia's employees placed it between the dock and the vessel, and that Bollinger Amelia failed to timely remove it. Landers claims that Bollinger Amelia is liable for using a defective gangway, failing to warn of its hidden defects, failing to remove it timely, and failing to secure it between the dock and

the vessel. These facts clearly put Bollinger Amelia on notice of Landers' Louisiana law claim against it for allegedly failing to maintain a reasonably safe dock.

However, Landers' Louisiana law claims against Bollinger Amelia are prescribed. Louisiana Civil Code article 3492 provides that tort claims prescribe one year from the day the injury is sustained. Landers' alleged injury was sustained on June 12, 2006. He filed his petition on March 17, 2008, almost two years after the alleged accident. Although Landers' claims under the Jones Act and general maritime law were not prescribed when he filed his petition, any claims he had under Louisiana tort law were. See id.; see also 46 U.S.C.A. §30106 (West 2009); Crisman v. Odeco, 932 F.2d 413, 415 (5th Cir. 1991). As a result, Bollinger Amelia's motion for summary judgment is granted as to Landers' Louisiana tort law claims.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Bollinger Amelia Repair, L.L.C. (Doc. # 251) is **GRANTED**.

New Orleans, Louisiana, this  29th  day of December, 2009.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**